UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Steven Upham,                                    Case No. 3:16-cv-1495

          Plaintiff

    v.                                           MEMORANDUM OPINION
                                                 AND ORDER
Mike DeWine, *et al.*,

          Defendants

*Pro se* plaintiff Steven Upham, a state prisoner incarcerated in the Marion Correctional Institution, has filed this *in forma pauperis* civil rights action pursuant to 42 U.S.C. § 1983. The Director of the Ohio Department of Rehabilitation and Correction, Ohio Attorney General Mike DeWine, Allen County Prosecutor Juergen Waldick, and Allen County Sheriff Samuel A. Crish are named as defendants. (Doc No. 1.) The basis for plaintiff's action is that prison corrections officers and sheriff's deputies failed to adequately protect his safety after he became a witness for the state in a murder case against another inmate, Marcellis Carter.

His specific allegations are as follows. First, he alleges that "Sargent Smith" had knowledge that he was going to be a witness in the murder case against Carter, but nonetheless made the reckless and intentional decision to house him in the Allen Oakwood Correctional Institution (AOCI), even though Carter's mother was a retired corrections officers there. (*Id.* at 5.) From May 2014 to September 2015, he allegedly reported over 40 incidents to Sargent Smith of threats made to him by other inmates and Carter, and verbal abuse by corrections officers. (*Id.*)

1

Second, the plaintiff alleges that during Carter's murder trial, "Sheriff's deputies" placed him in the same holding cell as Carter, where Carter "savagely assaulted" him for over two minutes. (*Id.* at 6.)

Third, he alleges he was returned to a "hostile environment" at AOCI. He alleges that although Judge Reed ordered a "video blackout," corrections officers at AOCI informed him that the holding cell attack was being broadcasted on television and on YouTube. Further, Corrections Officer "Randall purposely skip[ped] medical to make plaintiff suffer [and] then parade[d him] 3 times in restraints across a heavily populated yard so inmates and Randall could voice [their] threats" to him. (*Id.*)

The plaintiff asserts that "the parties brought fourth [sic] in this suit are respons[i]ble for constitutional rights violations, bodily injury, and emotional and other damages" caused by "the state's unjustified failure to keep [him] safe, " and he seeks fifty million dollars in damages and an "immediate judgment" stopping the showing of the courtroom holding cell attack. (*Id.* at 8.)

## Standard of Review

Because the plaintiff is proceeding *in forma pauperis* and seeks relief from governmental officials and employees, I must review his complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A. Those statutes require federal district courts to review and dismiss before service a complaint, or portion of it, that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Although *pro se* complaints are construed liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), in order to state a claim, a *pro se* complaint must contain "sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face." *Hill*, 630 F.3d at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. §§ 1915(e) and 1915A).

2

**Analysis**

Upon review, I must dismiss the plaintiff's complaint.

The Eighth Amendment may be violated when prison officials fail to "take reasonable measures to guarantee the safety of inmates," including taking reasonable measures "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994). To establish a constitutional violation based on a failure to protect, a plaintiff also must show that prison officials acted with "deliberate indifference" to inmate health or safety. *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011). "An official is deliberately indifferent if he or she knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id.* at 766-67.

Even assuming the plaintiff may have some potentially meritorious claim under the Eighth Amendment based on the facts he alleges, he has not alleged a plausible claim against any of the named defendants. He does not allege any facts suggesting that any of the named defendants was personally involved in any of the conduct of which he complains regarding his safety, nor does he allege facts suggesting that any of the named defendants otherwise approved of or condoned the alleged conduct. Supervisory officials may not be held liable under § 1983 for constitutional rights violations committed by subordinates solely on the basis of *respondeat superior*. A supervisory official cannot be liable unless the plaintiff alleges facts demonstrating that "the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *See Cardinal v. Metrish*, 564 F.3d 794, 802-03 (6th Cir. 2009). The plaintiff does not allege such facts regarding the named defendants.

Further, "damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in

3

the complaint and what *each* defendant did to violate the asserted right." *Terrance v. Northville Reg. Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002). "Merely listing names in the caption of the complaint," as the plaintiff does here, "is not enough to sustain recovery under §1983." *Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004).

Accordingly, I must dismiss the plaintiff's complaint because, even liberally construed, it fails to allege facts sufficient to suggest he may have any plausible constitutional claim against any of the named defendants.

The plaintiff has filed a motion to amend his complaint (Doc. No. 3), but that motion will be denied. A motion to amend a complaint should be denied if the amendment would be futile. *Runyon v. Glynn*, 64 F. App'x 924, 925 (6th Cir. 2003). The plaintiff does not set forth facts in his motion suggesting he has any plausible constitutional claims against the named defendants. Rather, he merely seeks to add additional defendants to the case without setting specific factual allegations demonstrating that they may be liable to him, and he asserts in conclusory terms that he continues to "suffer daily" from the continued showing of the YouTube video.

## Conclusion

For the reasons stated above, I am dismissing the plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A and denying his motion to amend (Doc. No. 3) as futile. His motion for appointment of counsel (Doc. No. 4) is denied as moot.

I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

    s/Jeffrey J. Helmick  
United States District Judge